MASSACHUSETTS BAY INSURANCE CO., Plaintiff,

v.

SUNRISE BUILDING & REMODELING, INC., et al., Defendants.

No. 04 Civ. 3323(RLE).

United States District Court, S.D. New York.

Dec. 15, 2004.

Andrew I. Hamelsky, White and Williams, LLP, New York City, for plaintiff.

## MEMORANDUM OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Plaintiff Massachusetts Bay Insurance Company ("Mass Bay"), provider of homeowner and/or personal property coverage to homeowners Martin and Carol Koshakow, filed this complaint for subrogation against contractor Sunrise Building & Remodeling, Incorporated ("Sunrise") and Richau Mustacato Grippi Associates, Inc. ("RMG"). This Court, in its September 14, 2004 Order, granted Sunrise's motion for leave pursuant to rule 19(a) of the Federal Rules of Civil Procedure to add third party defendant, Danleigh Insulation and Supply Corporation ("Danleigh"). Mass Bay now moves for leave pursuant to rule 15(a) to add third party defendant, Danleigh, and original defendant Sunrise consents. For the reasons set forth below, Mass Bay's motion is **DENIED.**

### II. BACKGROUND

By contract, dated February ·7, 2002, homeowners Martin and Carol Koshakow retained defendant Sunrise as a general contractor to perform renovation work on their home, located at 26 Farragut Road, in Scarsdale, New York. *See* Affirmation of David S. Huberman in Support of Plaintiff's Motion for Leave to Amend Complaint ("Huberman Aff."), at 2. Sunrise later retained defendant Danleigh as subcontractor. Sometime before January 19, 2003, the Koshakows also retained defendant RMG as architects for the renovation work. *Id.*

There was no contract between the Koshakows and Danleigh. However, the February 7, 2002 contract between the Koshakows and Sunrise explicitly states that "[t]he Contractor shall be responsible for the acts and omissions of the Contractor's employees, Subcontractors and their agents and employees, and other persons performing portions of the Work under a contract with the Contractor." Abbreviated Form of Agreement Between Owner and Contractor ("Agreement"), ¶ 9.7 [attached as Exhibit A to the affidavit of James W. Borkowski in Opposition to Plaintiffs' Motion for Leave to Amend Complaint ("Borkowski Aff.")]. Furthermore, the agreement states that:

> it should not be construed to create a contractual relationship of any kind (1) between the Architect and Contractor, (2) between the Owner and a Subcontractor or Sub-subcontractor, or (3) between any persons or entities other than the Owner and Contractor.

Agreement, ¶ 7.2. On or about January 19, 2003, a pipe froze in the Koshakows' home, resulting in one hundred and fifteen thousand dollars ($115,000) in damages. Mass Bay asserts that negligent planning and/or performance by Sunrise, Danleigh, and RMG caused the damages. In this action for negligence, breach of contract, and breach of express and/or implied warranty against defendants, Mass Bay seeks to recover for the amount paid to the Koshakows through their insurance policy. *See* Huberman Aff., at 2.

### III. DISCUSSION

Leave to amend a complaint "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see also Monahan v. New York City Dept. of Corrections,* 214 F.3d 275, 283 (2d Cir.2000) (pleadings provide notice to the opposing party "of the claim or defense to be litigated ... 'mere technicalities' should not prevent cases from being decided on the merits") (citation omitted). The court has broad discretion to determine whether to grant a motion to amend. *Kreinik v. Showbran Photo, Inc.,* 2003 WL 22339268, at *2 (S.D.N.Y. Oct. 14, 2003). However, the court will typically allow the amendment if the movant has demonstrated "at least colorable grounds for relief" absent a showing of "un-

due delay, bad faith or dilatory motive ..., undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Id.* (citations omitted); *see also Anthony v. City of New York,* 339 F.3d 129, 138 (2d Cir.2003).

Mass Bay has failed to demonstrate any colorable grounds for relief against Danleigh. There was no contract between Danleigh and the Koshakows. Furthermore, the Koshakows' contract with Sunrise explicitly relieves Danleigh of any contractual obligation to the Koshakows for work performed. Agreement, ¶¶ 7.2, 9.7. In the absence of a contract, there can be no contractual breach. As subrogee of the Koshakows, Mass Bay does not have a recoverable breach of contract claim against Danleigh.

Similarly, regarding the proposed negligence, third-party beneficiary, and breach of warranty claims, it is clear from the contract between the Koshakows and Sunrise that the Koshakows waived any rights that they may have had against Danleigh based on a breach of fiduciary or other duty. Agreement, ¶¶ 7.2, 9.7. Therefore, Mass Bay does not have recoverable negligence, third-party beneficiary, or breach of warranty claims against Danleigh. Accordingly, Mass Bay's motion for leave to add third party defendant Danleigh is **DENIED**.